UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAVIER RIVERA FRANCO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-148 |
| | § | |
| KISHA A COLLINS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff, a TDCJ-CID inmate presently confined at the McConnell Unit in Beeville, Texas, filed this lawsuit on April 25, 2014, complaining that the mail room policies were being interpreted incorrectly in violation of his rights under the United States Constitution (D.E. 1). An evidentiary hearing was held on May 20, 2014, after which it was recommended that all of Plaintiff's claims be dismissed as frivolous and/or for failure to state a claim (D.E. 11). Plaintiff has filed his objections (D.E. 13). No ruling has been made by the District Court.

Pending is Plaintiff's application for a temporary restraining order and preliminary injunction (D.E. 16). He requests that the named Defendants in this action not be permitted to handle his incoming and outgoing mail (*Id.*). It is respectfully recommended that the motion be denied.

### Standard

In order to obtain a preliminary injunction under Fed. R. Civ. P. 65(a), the applicant must demonstrate: (1) a substantial likelihood of success on the merits; (2) a

substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) the injunction will not disserve the public interest. *Sepulvado v. Jindal,* 729 F.3d 413, 417 (5th Cir. 2013) (internal citations and quotations omitted), *cert. denied,* 134 S.Ct. 1789 (2014). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. *Texans for Free Enterprise v. Texas Ethics Com'n*, 732 F.3d 535, 536-37 (5th Cir. 2013). Plaintiff must carry the burden as to all four elements before a preliminary injunction may be considered. *Voting for America, Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (internal quotations and citations omitted).

## Discussion

Plaintiff cannot meet his burden as to any of the four factors. As to the first factor, Plaintiff cannot demonstrate a substantial likelihood of success on the merits of his case. The facts and law cited in the Memorandum and Recommendation to Dismiss Plaintiff's claims (D.E. 11), are adopted and incorporated by reference herein. Even if Plaintiff could demonstrate a likelihood of success on the merits, he cannot meet his burden on the remaining factors. Plaintiff has not alleged irreparable harm. Irreparable harm is harm for which there is no remedy at law, such as monetary compensation. *Deerfield Medical Center v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. 1981). Plaintiff has cited to no authority that the screening of incoming non-legal mail, and the withholding of items determined in good faith to be contraband, would cause him irreparable harm.

On the third and fourth factors, Plaintiff has failed to show that his interest in receiving a photo of himself and his family – a photo that Plaintiff admits was altered -- outweighs the interest of the prison in screening mail for the purpose of maintaining security. Indeed, ordering two mailroom employees to set Plaintiff's mail aside for screening by another employee would be difficult, time consuming, and costly. It does not serve the public's interest for the courts to micro-manage the screening of incoming, non-legal, inmate mail. *See Kahey v. Jones*, 836 F.2d 948, 950 (5th Cir. 1988) (federal courts defer to prison administrators concerning day-to-day operations in absence of a constitutional violation).

On the other hand, if Plaintiff's claims are retained by the District Court and he is able to prove a constitutional violation to a trier of fact, then permanent injunctive relief might be appropriate at some time in the future. But Plaintiff has not demonstrated that he is entitled to a preliminary injunction at this time.

## **RECOMMENDATION**

Based on the foregoing, it is respectfully recommended that Plaintiff's application for a temporary restraining order and preliminary injunction (D.E. 16) be denied.

Respectfully submitted this 30th day of June, 2014.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).