UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| JAVIER RIVERA FRANCO, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-148 |
| | § | |
| KISHA A COLLINS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING, AS MODIFIED, MEMORANDA AND RECOMMENDATIONS

Pending before the Court is Plaintiff Javier Rivera Franco's § 1983 civil rights complaint. D.E. 1. On May 22, 2014, United States Magistrate Judge B. Janice Ellington issued her initial Memorandum and Recommendation ("Screening M&R") recommending that Plaintiff's claim be dismissed. D.E. 11. Plaintiff timely filed his objections on June 9, 2014. D.E. 12; D.E. 13-1. On June 23, 2014, Plaintiff filed an application for a temporary restraining order and preliminary injunction. D.E. 16. On June 30, 2014, the Magistrate Judge issued her second M&R ("TRO M&R"), recommending that Plaintiff's application be denied. D.E. 17. Plaintiff timely filed his objections on July 14, 2014. D.E. 18. Plaintiff's objections are set out and discussed below.

First, Plaintiff objects because the Screening M&R failed to address his First Amendment argument pertaining to his outgoing mail (22 altered photographs and two collages). D.E. 13, p. 12, 23. Plaintiff is correct—the Screening M&R failed to address this claim. As a result, Plaintiff's first objection is **SUSTAINED**. However, for the

1 / 8

following reasons, Plaintiff's First Amendment claim pertaining to his outgoing mail should be dismissed.

Plaintiff argues that "only outgoing correspondence concerning escape plans, ongoing criminal activity or threats of blackmail posed a threat to prison security sufficient to justify censorship." D.E. 13, p. 23. This is not an accurate statement of the law. The Supreme Court in *Thornburgh v. Abbott* held that dangerous outgoing correspondence is "more likely to fall within readily identifiable categories" and gave escape plans, plans related to ongoing criminal activity, and threats of blackmail or extortion as a non-exclusive list of examples. 490 U.S. 401, 412 (1989). The Supreme Court stressed that courts should be careful "not to limit unduly the discretion of prison officials to reject even outgoing letters . . . ." *Id*. (citing *Procunier v. Martinez*, 416 U.S. 396, 414 (1989)). The Fifth Circuit has recognized the need for prison mailroom personnel to open, review, and occasionally censor outgoing mail. *See Busby v. Dretke*, 359 F.3d 708, 721 (5th Cir. 2004).

Plaintiff relies on *Stow v. Grimaldo,* 993 F.2d 1002 (1st Cir. 1993). *Stow*, however, does not support Plaintiff's argument because it held that general monitoring had a useful penological purpose because "unmonitored mail increased prisoners' opportunities for plotting escape and consequently surveillance was justified as a security measure." *Id*. at 1004. Plaintiff also cites to *Brewer v. Wilkinson*, 3 F.3d 816 (5th Cir. 1993), for the proposition that opening and removing any material from a prisoner's outgoing mail is a First Amendment violation. D.E. 13, p. 23. The court in *Brewer* addressed the limited circumstance where mailroom personnel inspected a prisoner's

legal mail and removed a writ of mandamus from the correspondence without providing any legitimate penological interest for the removal. *Id.* at 825-26. The court recognized "a prisoner's right to be free from *completely arbitrary* censorship of his outgoing mail." *Id.* at 826 (emphasis added).

The inspection of Plaintiff's outgoing mail here did not involve legal mail and was not completely arbitrary. The Texas Department of Criminal Justice, Criminal Institutions Division's ("TDCJ-CID") policy of disapproving incoming or outgoing "altered mail" serves a legitimate penological interest by making it more difficult for prisoners to conceal illicit messages or nefarious plans within their correspondence.[1] Therefore, Plaintiff's First Amendment claim regarding his outgoing mail is DISMISSED.

Plaintiff alleges that the Magistrate Judge found that the return of the outgoing photos to Plaintiff defeated any constitutional violation. D.E. 13-1, p. 10. However, that portion of the Screening M&R addressed compensatory damages. The Magistrate Judge found that Plaintiff failed to allege a physical injury to support a claim for compensatory damages under 42 U.S.C. 1997e(c). D.E. 11, p. 8.

Plaintiff's second objection concerns the Screening M&R's misstatement that the confiscated incoming altered photos were provided to him. *Compare* D.E. 11, p. 11 *with* D.E. 13-1, p. 7. Plaintiff is correct—the incoming photos were not given to him. This

---

[1] The Texas Board of Criminal Justice Policy 03.91 ("BP-03.91") defines "altered photos" as those that have been "edited, including, but not limited to, by removing or changing the contents of the image with a computer software or other means." D.E. 1-2, p. 9.

error in the M&R, however, has no material effect on the M&R's conclusion as discussed below.

Plaintiff insists that the mailroom staff "is illegally confiscating Plaintiff's mail when there is NO evidence that [the] material[s] post [sic] a legitimate threat to prison security OR related to a legitimate penological Interest [sic]." D.E. 13-1, pp. 9 (emphasis in original). Plaintiff argues that mailroom personnel confiscated his incoming altered photos because they falsely believed that they were taken inside his McConnell Unit prison cell. D.E. 13, p. 7. Even assuming that this is correct, the Director's Review Committee (DRC) upheld the mailroom personnel's decision to confiscate the incoming photos for security concerns. D.E. 1, p. 32.

The Supreme Court has held that "[i]n the First Amendment context . . . some rights are simply inconsistent with the status of a prisoner or 'with the legitimate penological objectives of the corrections system' . . . ." *Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). "[B]ecause the 'problems of prisons in America are complex and intractable,' and because courts are particularly 'ill equipped' to deal with these problems . . . we generally have deferred to the judgments of prison officials in upholding [First Amendment-related] regulations against constitutional challenges." *Id.* at 229 (citing *Martinez*, 416 U.S. at 404-05) (providing the following regulations as examples: proscriptions of media interviews with individual inmates, prohibitions on the activities of a prisoner's labor union, and restrictions on inmate-to-inmate written correspondence).

Plaintiff relies on *Farid v. Smith*, 850 F.2d 917 (2d Cir. 1988), a pre-*Shaw* case, to support his objection. The court in *Farid* applied a "reasonably related to legitimate penological interests" standard when a prison confiscated items from an inmate. In ruling for the plaintiff, the court held that the defendants had offered no evidence that the confiscated items violated the prison regulations. *Id.* at 926. Here, the incoming photographs violated two regulations: the photos were altered and, more importantly, McConnell Unit personnel believed that the photos' contents were a security concern. D.E. 13, p. 7; D.E. 1, p. 32. This Court defers to the discretion of prison officials, as prescribed by *Shaw*, and holds that the Defendants' actions regarding the incoming photos did not rise to a First Amendment violation. Consequently, Plaintiff's second objection is **OVERRULED**.

Plaintiff's third objection is that the Screening M&R did not address his retaliation claim. D.E. 13, p. 24. To state a valid claim for retaliation under § 1983, a prisoner must allege: 1) a specific constitutional right, 2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, 3) a retaliatory adverse act, and 4) causation. *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). In addition, retaliation against a prisoner is actionable only if it surpasses a *de minimis* threshold that is "capable of deterring a person of ordinary firmness from further exercising his constitutional right." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006).

This Court finds that Plaintiff did not allege facts amounting to a retaliatory adverse act. As the Magistrate Judge discussed, Plaintiff did not allege actionable facts that Defendants planted the security information forms in an attempt to entrap Plaintiff.

Furthermore, all other instances of retaliation alleged by Plaintiff —including instances where mailroom personnel denied the processing of altered photos, failed to timely inform Plaintiff of their decisions, and denied him an extra copy of an advertisement paper—were well within TDCJ-CID policy or were, at most, a *de minimis* adverse action. *Cf. Sanchez v. Calfee*, 558 F. App'x 428, 429 (5th Cir. 2014) (finding that the denial of a magazine and piece of mail were "so de minimis [that] they would not deter the ordinary person from further exercise of his rights.") (quoting *Morris v. Powell*, 449 F.3d 682, 686); *Ali v. Jones*, 2007 WL 2141381, at *4 (S.D. Tex. July 19, 2007) (finding that officer's alleged actions of searching plaintiff's cell, leaving it in disarray, and confiscating his shoes were *de minimis*). Additionally, Plaintiff continued to file grievances and appeals well through the allegedly retaliatory acts. D.E. 13, p. 19. *See Bell v. Wathen*, 2008 WL 1743887, at *1 (5th Cir. Apr. 14, 2008) (dismissing retaliation claim because "[t]he retaliatory acts allegedly committed by [defendants] did not deter [the plaintiff] from prosecuting this lawsuit or filing subsequent grievances[]"). As a result, this Court finds that Plaintiff did not allege facts amounting to retaliation. Plaintiff's third objection is **OVERRULED**.

Plaintiff's fourth objection reurges his claims against the McConnell Unit supervisors. D.E. 13, p. 13, 15, 17-18. Plaintiff claims that supervisors "ignored the policy, regulations, and law to aid the McConnell mailroom staff['s] retaliat[ion] against Plaintiff for filing grievance." D.E. 13, p. 13. Plaintiff's objection fails because he was unable to show that retaliation took place or that personnel violated his constitutional rights. Plaintiff's fourth objection is **OVERRULED**.

Plaintiff's fifth objection is to the Magistrate Judge's finding that he suffered no physical injury as required of prisoners to receive compensatory damages. D.E. 11, p. 7-8. This Court need not reach the issue of damages because Plaintiff did not establish the predicate liability. Therefore, Plaintiff's fifth objection is **OVERRULED.**

Plaintiff's sixth objection is to the Magistrate Judge's decision not to interpret his complaint as suing the Defendants in their personal, rather than official, capacities. D.E. 13-1, p. 2. Plaintiff's objection is moot because he was unable to show that Defendants, in any capacity, violated his constitutional rights or that he suffered from retaliation. Accordingly, Plaintiff's sixth objection is **OVERRULED.**

As a result of this Court's disposition of Plaintiff's objections (D.E. 13) to the Magistrate Judge's Screening M&R (D.E. 11), Plaintiff's objections (D.E. 18) to the Magistrate Judge's recommendation to deny his application for a temporary restraining order and preliminary injunction (D.E. 17) based on claims subject to dismissal are rendered **MOOT**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Screening and TRO M&Rs, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Screening M&R to which objections were specifically directed, this Court **SUSTAINS** Plaintiff's first objection, **OVERRULES** the rest of Plaintiff's objections, **MODIFIES** the holding of the M&R (D.E. 11) to address the outgoing mail claim and, as modified, **ADOPTS** as its own the

findings and conclusions of the Magistrate Judge (D.E. 11, 17). Accordingly, this action is **DISMISSED.**

Because Plaintiff was granted leave to proceed in forma pauperis in this matter, it is further ordered that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

ORDERED this 8th day of January, 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE